## REFUSAL TO MAKE DOW TAX A CHARGE UPON THE LAND.

Court of Appeals for Hamilton County.

CHARLES E. ROTH, TREASURER, v. CAROLINE M. HULBERT ET AL.

Decided, March 22, 1913.

*Taxation—Action to Declare Dow Tax a Lien on the Premises—Failure of Proof as to Sales Having Been Made—Section 6080, General Code.*

A charge on the tax duplicate of an unpaid balance of Dow-Aiken tax will not be declared a lien on the premises occupied by the party who is alleged to have trafficked in intoxicating liquors, where the only testimony as to liquor having been sold on the premises sought to be so charged was given by two inspectors of the state dairy and food department whose testimony was so vague and uncertain that the trial court refused to believe it.

*Charles A. Groom,* Assistant Prosecuting Attorney, for plaintiff in error.

*DeCamp & Sutphin,* contra.

JONES, O. B., J.; SWING, J., and JONES, E. H., J., concur.

This is an action to enjoin the collection of the unpaid balance of $180.04 tax for trafficking in intoxicating liquors by Helen Ray, in real estate owned by plaintiffs below and rented by her as a residence from month to month.

Reliance is placed by defendants on the tax charge standing upon the Dow-Aiken duplicate (in which the owner of real estate is listed "W. P. Hulbert Estate," Rec., 38) as making a *prima facie* case in their favor. It appears, however, that this charge was placed upon the duplicate by certification from the Auditor of State, and that his action was solely based upon the reports of two inspectors in the state dairy and food commissioner's department. Each of these inspectors testified that he went with a woman to this house and succeeded in purchasing beer, which they drank. There is no confirmation of this testimony by the woman companion or any one else, nor is there any denial by the tenant in the house of her servants, none of whom were called. There is, however, testimony of the real estate

manager, rent collector, workmen engaged in sundry repairs to the building, and a man who collected the money from a musical instrument operated by coins, all of whom were at the house at irregular times and intervals sufficient to have seen some evidence of a regular trafficking in liquor, if such had been conducted, and who failed to see any indications of such sales.

While we agree that in some instances a single sale or two such sales may constitute trafficking and that the knowledge of such sales by the tenant on the part of the landlord is not necessary to create a lien on the real estate, yet in this case the charge depends entirely upon the evidence of the inspectors, who showed by their unfamiliarity with the location and appearance of the premises and the identification of the tenant in their cross-examination, a lack of certainty that should not exist in evidence necessary to create such a lien as against property owners who have exercised the care in the management of property shown this case.

The character and weight to be given to this class of testimony has been passed upon and discussed in *Foley* v. *Roth,* 13 C.C. (N.S.), 318, and 8 N.P.(N.S.), 425; *King* v. *Richardson,* 9 N.P (N.S.), 209; *Hall* v. *Roth,* 9 N.P.(N.S.), 215, and we are content with the rulings there made.

The trial court below had the advantage of seeing these inspectors as witnesses upon the stand and noting their demeanor and evidently gave no credence to their testimony. We are not disposed to view it in any more favorable light when we have no such opportunity.

We find no errors in the proceedings below and the judgment is therefore affirmed.